590 A.2d 583

**SCHAPER & ASSOCIATES, Et Al.**

v.

**Lida SOLEIMANZADEH, et vir.**

**No. 1252, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 31, 1991.

Thomas M. O'Malley, Rockville, for appellants.

Daniel J. Blum (Louis Fireison and Louis Fireison & Associates, P.A., on the brief), Bethesda, for appellees.

Argued before WILNER, C.J., and BISHOP and JOHN W. SAUSE, Jr., Specially Assigned, JJ.

WILNER, Chief Judge.

Appellants appeal from a judgment of the Circuit Court for Montgomery County confirming an arbitration award against them in the amount of $104,045. They complain that the award was invalid and should not have been confirmed because they were not given proper notice of the arbitration. We agree that the award was invalid when made and could, and presumably would, have been vacated had a timely petition to vacate it been filed. But such a petition was not filed, and, for that reason, the court did not err in confirming the award.

The dispute arose from an agreement under which appellants were to construct a two-story residence for appellees for the sum of $542,548. The contract was on the standard AIA form of contract between owners and contractors with two major modifications: (1) the clause incorporating the AIA General Conditions, in which appears the standard AIA arbitration clause, was deleted, and (2) a special arbitration clause was added. The arbitration clause written into the contract provided, in relevant part:

"It is understood by all that in the event of disputes between the Owner and the Contractor all disputes will be decided by Arif Hodzic [the architect employed by the

owners] as an arbitrator.... Arbitrator's decision will be final. Owner or Contractor will not be allowed to take this decision to any higher court."

Signing the agreement as Contractor were Steve Schaper c/o Schaper Associates, by Steve Schaper, President, and Steve Schaper and Donald Schaper, personally.

In an affidavit filed in their action to confirm the arbitration award, appellees asserted that "[d]uring late 1987 and early 1988, disputes arose between us and the Schapers and we requested that Mr. Hodzic arbitrate the dispute" and that "Mr. Hodzic arbitrated the dispute and determined that the contract had been breached by the Schapers and that they owed [us] $104,045.95." The record also shows that, on March 22, 1988, Mr. Hodzic wrote a letter to Steve Schaper, at Schaper Associates, that he said was "in response to the dispute between the contractors, Steve and Donald Schaper of Schaper Associates and the owners...." In his letter, Mr. Hodzic stated, among other things, that:

(1) the contractor stopped work after performing $233,-977 worth of work;

(2) at that time, the architect had certified for payment $210,579, with the additional $23,398 to be retained until the end of the contract;

(3) the contractor had failed to pay subcontractors and suppliers, as a result of which the owners had to pay them $283,306;

(4) an additional $31,318 was owed but not yet paid to subcontractors and suppliers;

(5) the owners asked him to arbitrate "and decide the exact amount of money the contractor owed them";

(6) "[o]n the basis of evidence provided by the owner," the contractor owes $104,045, this being the difference between the $210,579 owed to the contractor and the $314,-625 paid or owed to subcontractors and suppliers;

(7) the contractor "shall pay to the owner the entire amount at this time";

(8) when the owner completes the building "we will determine at that time if there is any money left to be paid to the contractor or if the contractor will have to pay additional money to the owner";

(9) many mistakes had been discovered in the contractor's work and corrective work was found to be necessary;

(10) when the complete cost is determined, "we will prepare a final list of who is responsible for each cost"; and

(11) "[t]he contractor is invited to submit any and all evidence for a counter claim. In the event that Mr. Hodzic does not receive a claim by April 10, 1988, the owner's claim will stand and be considered as the valid one by all parties."

A copy of this letter was hand-delivered to Steve Schaper on March 24, 1988. There is no indication that Donald Schaper was given a copy of it prior to April 10. When no counterclaim was received by April 10, the owners and the architect regarded the award as final. It was this award that the owners sued to have confirmed.

In defending the circuit court action, the Schapers averred that they had been given no notice whatever of the owners' demand for arbitration, of the claim made by the owners, or of any arbitration proceeding, and that the first notice either of them had was when the architect's letter was delivered to Steve Schaper. They contended that arbitration under the contract had to be in accordance with the rules of the American Arbitration Association and that none of those rules had been followed. The owners responded that, because the General Conditions clause had been deleted, the AAA rules were not applicable and that, as the Schapers neglected to file any timely counterclaim, the award was valid.

After a hearing on appellees' motion for summary judgment, the court rejected appellants' defenses, finding that, under what the court regarded as the "half baked arbitration" to which the parties had agreed, appellants got all the notice to which they were entitled—that "[t]hey contracted for that and therefore they were bound by whatever rules

were applicable to it as dumb as they might be." It therefore granted the motion for summary judgment and entered judgment against appellants for the $104,045.95 plus interest and costs.

Although certainly the arbitration clause included in the agreement was inartfully drafted, neither side claims that it is legally deficient. It therefore invokes the Maryland version of the Uniform Arbitration Act, Md.Ann.Code Cts. & Jud.Proc. art., title 3, subt. 2. Because that Act applies, we must look to its provisions to determine how the clause may be enforced.

Although the Act does not itself require any particular notice by one party to another of an initial demand for arbitration, that usually being provided for in the arbitration agreement itself, § 3–213(a) states that, unless the agreement provides otherwise, "the arbitrators shall designate a time and place for hearing and notify the parties, personally or by certified mail, return receipt requested, bearing a postmark from the United States Postal Service, not less than five days before the hearing." As there was clearly no contrary provision in the contract, it was incumbent upon Mr. Hodzic, by virtue of the statute, to give written notice to appellants of the time and place of the hearing he proposed to conduct. The uncontradicted evidence in the record, supplied by affidavit of appellants, was that no such notice was received, or apparently given.

The failure of the arbitrator to give notice is grounds for vacating the award. Section 3–224 states that the court "shall vacate an award" if the arbitrators "conducted the hearing, contrary to the provisions of § 3–213, as to prejudice substantially the rights of a party." The problem for appellants is that § 3–224(a) requires, with an exception not relevant here, that a petition to vacate the award be filed within 30 days after delivery of a copy of the award to the petitioner. It is clear that Steve Schaper and Schaper & Associates received a copy of the award on March 24, 1988. Donald Schaper was presumably aware of the award no later than December 7, 1989, when counsel, on his behalf,

filed an answer to the complaint to enforce the award. Yet, at the time the court ruled on the motion for summary judgment, no petition to vacate the award had been filed by any of the appellants. That failure is telling because of § 3–227, which provides that, upon a petition to confirm an award, "[t]he court shall confirm the award, unless the other party has filed an application to vacate, modify, or correct the award within the time provided in §§ 3–222 and 3–223."

If appellants desired to complain about Mr. Hodzic's award, they had the ability under § 3–213 and the obligation under § 3–227 to do so through a timely motion to vacate the award. Because they failed to file a timely petition to vacate, the court did not err in confirming the award.

JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.